JUDGMENT ENTRY
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Petitioner-appellant Richard Bohannon presents on appeal a single assignment of error, in which he contends that the common pleas court erred in dismissing his petition for postconviction relief without a hearing. We find no merit to this contention.
On May 21, 1999, the Hamilton County Common Pleas Court convicted Bohannon of receiving stolen property, misuse of a credit card, and two counts of burglary. This court affirmed the judgment of conviction, seeState v. Bohannon (Mar. 1, 2000), 1st Dist. No. C-990386, and the Ohio Supreme Court denied Bohannon leave to file a delayed appeal.
Bohannon then filed in the United States District Court for the Southern District of Ohio a petition for a writ of habeas corpus. The district court stayed further proceedings on the petition until Bohannon had exhausted his state remedies on the petition's claim that the prosecution had failed to disclose in discovery exculpatory evidence in the form of a codefendant's recorded statement exonerating him in the charged offenses.
Bohannon presented this claim to the common pleas court in his April 5, 2004, petition for postconviction relief. The common pleas court denied the petition, and this appeal ensued.
Bohannon failed to file his petition within the time prescribed by R.C. 2953.21(A)(2). R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a tardy postconviction petition: The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new and retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
Bohannon did not base his postconviction claim upon a new constitutional right. And he failed to submit with his petition evidence demonstrating that he had been unavoidably prevented from discovering the facts upon which his claim depended. R.C. 2953.23(A) thus precluded the common pleas court from entertaining the petition. Therefore, we hold that the court properly denied the petition.
Accordingly, we overrule the sole assignment of error and affirm the judgment of the common pleas court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.